FILED
 2005 May-02  PM 02:37
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| TOMMY HARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 02-KOB-RRA--0582-W |
| ) | |
| WARDEN PRICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on April 7, 2005, recommending that the defendants' special report be treated as a motion for summary judgment and as such that it be denied. (Doc. #52). The defendants filed objections to the report on April 22, 2005. (Doc. #55). For the reasons stated herein, the defendants' objections are not well taken and the magistrate judge's recommendation is due to be accepted.

The defendants argue that they did not act maliciously or sadistically to cause harm to the plaintiff and therefore they lacked the requisite subjective intent necessary to show an Eighth Amendment violation. They contend that their actions were not for the purpose of causing harm, but were for the purpose of obtaining the foreign object it was believed the plaintiff had swallowed. However, their special report fails to refute the plaintiff's claims that he was handcuffed for a total of one-hundred and sixteen (116) hours, that he went sixty-seven (67) hours without sleep, and that he was not allowed to bathe for one-hundred and fourteen (114) hours, despite the obviously unsanitary conditions imposed by his having to defecate into a trash can. It therefore seems clear that a reasonable jury could find the defendants' action went beyond penological justification and were

a punitive and gratuitous infliction of wanton and unnecessary pain.

The defendants' second contention is that the plaintiff has not alleged sufficient injury to state a claim under either Eighth Amendment standards or 42 U.S.C. § 1997e(e).[1] The defendants describe the plaintiff's ordeal as producing nothing more than "discomfort" and that he has not presented a valid constitutional claim because he has not presented an "observable or diagnosable medical condition requiring treatment by a medical care professional." *Citing Luong v. Hatt*, 979 F.Supp. 481 (N.D. Tex. 1997).

The defendants' argument is without merit. The plaintiff has not only alleged severe physical pain and numbness, but it is well settled that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true *whether or not significant injury is evident*." (emphasis added) *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The court stated:

> [U]nder the *Whitley* approach, the extent of injury suffered by an inmate is one of the factors to be considered in determining whether the use of force is wanton and unnecessary, 475 U.S., at 321, 106 S.Ct., at 1085, the absence of serious injury is relevant to, but does not end, the Eighth Amendment inquiry. There is no merit to respondents' assertion that a significant injury requirement is mandated by what this Court termed, in *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271, the "objective component" of Eighth Amendment analysis: whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation, *id.,* at 303, 111 S.Ct., at 2326. That component is contextual and responsive to "contemporary standards of decency." *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251. In the excessive force context, such standards always are violated when prison officials maliciously and sadistically use force to cause harm, see *Whitley,* 475 U.S., at 327, 106 S.Ct., at 1088, whether or not significant injury is evident. Moreover, although the Amendment does not reach *de minimis* uses of physical force, provided that such use is not of a sort repugnant to the conscience of mankind, *ibid.,* the blows directed at Hudson are not *de minimis,* and the extent of his injuries thus provides no basis for dismissal of his § 1983 claim. Pp.

---

[1] 42 U.S.C. § 1997e(e) states: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

999-1000.

*Id.,* at 2.  The court went on to explain that

> [o]therwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.  Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.[2]

*Id.*, at 9.

In this case, there is not only a genuine issue of material fact exists with respect to the injuries suffered by the plaintiff, but he has alleged actions on the part of the defendants from which a reasonable jury could find the defendants had inflicted cruel and unusual punishment.

The defendants also argue that their actions were warranted because of the suspicion that the plaintiff had swallowed narcotics or other contraband.  They cite cases dealing with an officer's right to conduct a search with a reasonable suspicion that a suspect has hidden narcotics inside his body.  However, the issue here is more than the plaintiff's right to privacy or to be free from unreasonable search and seizure, but involves the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.  Thus, even if some amount of force was necessary under the circumstances, a genuine issue of fact still exists as to whether that force was applied "in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312 (1986).

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that

---

[2] The Court went on to cite *Estelle v. Gamble*, 429 U.S. at 102, wherein it recognized that "proscribing torture and barbarous punishments was 'the primary concern of the drafters' of the Eighth Amendment."

the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. Accordingly, the defendants' special reports (Docs #25, #32, and #36) are treated as a motion for summary judgment and as such the motion is due to be denied. An appropriate order will be entered.

DONE and ORDERED this 2nd day of May 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE